IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAVID BROWN, on behalf of himself and
others similarly situated,

    Plaintiff,

vs.

KDL MANAGEMENT SERVICES, LLC.,
a Florida Limited Liability Company, and
RIVER OAKS OUTDOOR, LLC, a
Florida Limited Liability Company, and
WILLIAM I. KRIEG, Individually,

    Defendants.
_____/

CASE NO.

**COLLECTIVE ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL**

Plaintiff, DAVID BROWN, ("Plaintiff"), on behalf of himself and others similarly situated, by and through undersigned counsel, files this Complaint against Defendants, KDL MANAGEMENT SERVICES, LLC., a Florida Limited Liability Company, ("KDL"); RIVER OAKS OUTDOOR, LLC, a Florida Limited Liability Company, ("River Oaks"); and WILLIAM I. KRIEG, Individually ("KRIEG"), (collectively "Defendants"), and states as follows:

**NATURE OF THE ACTION**

1. Congress designed the Fair Labor Standards Act of 1938 ("FLSA") to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). To achieve this broad remedial purpose, the FLSA establishes minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206, 207. These provisions, coupled with an effective integrated cause of action within the FLSA, prevent employers from pilfering the wages rightfully earned by their employees. *See, Billingsley v. Citi Trends, Inc.*, 560 Fed.Appx. 914,

920-21 (11th Cir. 2014).

2.     Plaintiff alleges, on behalf of himself and other similarly situated current and former employees of the Defendants who elect to opt into this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay, as required by law, (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq*; (iii) entitled to reasonable attorneys' fees and costs pursuant to the FLSA; and (iv) entitled declaratory relief pursuant to 28 U.S.C. §2201.

## JURISDICTION

2.     Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq*., hereinafter called the "FLSA") to recover unpaid back overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

3.     The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §201, *et seq.* (the "FLSA").

4.     This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

5.     At all times material hereto, Plaintiff was and continues to be a resident of Jacksonville, Duval County, Florida.

6.     At all times material hereto, KDL was and continues to be a Florida Limited Liability Company engaged in business in Florida, with its principal place of business in Duval County, Florida.

7. At all relevant times, RIVER OAKS, was and continues to be a Florida Limited Liability Company engaged in business in Florida, with its principal place of business in Duval County, Florida.

8. At all times material hereto, KRIEG was an individual resident of the State of Florida, who owned and operated KDL and River Oaks, and who regularly exercised authority to: (a) hire and fire employees of KDL and River Oaks; (b) determine the work schedules for employees of KDL and River Oaks; and (c) control the finances and operations of KDL and River Oaks.

9. On or about May 17, 2019, Defendant RIVER OAKS filed its Articles of Organization for Florida Limited Liability Company.

10. The Principal office address of River Oaks is the same address as KDL; the name and address of the person authorized to manage River Oaks LLC (WILLIAM KRIEG) is the same person authorized to manage KDL.

11. In 2019, KDL discontinued its website.

12. In 2019 River Oaks launched its website.

13. River Oaks services the clients of KDL.

14. At all times material hereto River Oaks has assumed the operations of KDL.

15. At all times material hereto Defendant, RIVER OAKS, maintained substantially the same continuity of the business operations previously established by KDL.

16. Defendant River Oaks maintained the same location of business as previously established by KDL.

17. Defendant, River Oaks, maintained substantially the same working conditions, terms of employment, supervisory personnel, equipment and operational methods, and products and

services offered previously by KDL.

18. Defendant River Oaks and KDL share a common address, payroll systems, accounting personnel, managers, directors, corporate officers, owners and clients.

19. As a result of the allegations set forth in ¶¶ 2-18 above Defendant, RIVER OAKS, is a successor in interest to KDL and is therefore liable for the damages suffered by Plaintiff and those similarly situated employees.

20. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, by virtue of the fact that he regularly and customarily performed lawn maintenance on behalf of Defendants and their customers as part of his employment with Defendants.

21. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

22. The Fair Labor Standards Act ("FLSA") defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. § 203(d).

23. The statutory definition of "employer" includes corporate officers, participating shareholders, supervisors, managers, or other employees where that individual exercises some supervisory authority over employees and is responsible in whole or in part for the alleged violation. *See id.*; *Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 329 (5th Cir. 1993); *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971-72 (5th Cir. 1984).

24. At all times material hereto, Defendants were and continue to be the "employer" within the meaning of FLSA.

25. Defendant, WILLIAM KRIEG, was, and continues to be, the "employer" within

the meaning of FLSA.

26. Defendant, WILLIAM KRIEG is an employer as defined by 29 U.S.C §201 *et seq*., in that he acted, directly or indirectly, in the interests of Defendants toward Plaintiff and others similarly situated.

27. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

28. At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods and services," in that the Defendants' employees provide goods and services within the meaning of the FLSA.

29. During Plaintiff's employment, Defendants employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce, such as lawn mowers, garden tools and equipment, and other items used to run the business.

30. Based upon information and belief, the annual gross revenue of Defendants is and was in excess of $500,000.00 per annum for all relevant time periods.

31. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

32. At all times material hereto, Plaintiff was engaged in the "production of goods and services" and subject to the individual coverage of the FLSA.

33. The additional persons who may become Plaintiffs in this action are/were non-exempt salaried paid laborers of the Defendants, who held similar positions to Plaintiff, but were not compensated for all overtime hours worked at the statutory rate of one and one-half times their regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA.

34. At all times material hereto, the work performed by Plaintiff, and those similarly situated, was directly essential to the business performed by Defendants.

## FACTUAL ALLEGATIONS

35. Plaintiff worked for Defendants as a Lawn Maintenance worker from approximately June 2018 to November 2019.

36. Defendants provided total outdoor landscaping and landcare to their customers.

37. Plaintiff was compensated on a weekly salaried basis meant to compensate him for forty hours of work.

38. Plaintiff worked for Defendants in excess of forty (40) hours in various workweeks throughout the duration of his employment.

39. On average, when Plaintiff worked in excess of 40 hours per week he would work 11 to 12 hour days, five days a week, and an additional 10 hours every other Saturday. Therefore, Plaintiff would work between 55 to 60 hours during weeks when he was not required to work on Saturday, and 65 to 70 hours when he was required to work on Saturday.

40. Defendants, through their payment policy, failed to compensate Plaintiff the overtime premium pay for overtime hours worked in excess of forty (40) those weeks that overtime was worked.

41. Defendants implemented and enforced a policy whereby all lawn maintenance workers were not compensated the overtime premium for their hours worked in excess of forty (40) in various workweeks.

42. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and other similarly situated employees are in the possession and custody of Defendants.

43. Defendants violated Title 29 U.S.C. §207 from at least June 2017 and continuing

to date, in that:

    a.    Plaintiff and others similarly situated worked in excess of forty (40) hours per week for the period of their employment with Defendants;

    b.    No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

    c.    Defendants failed to maintain proper time records as mandated by the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

44.    Plaintiff and the collective members are/were all non-exempt "Lawn Maintenance Workers" ("Class Members") of Defendants and performed the same or similar job duties as one another.

45.    Defendants failed to compensate Plaintiff, and those similarly situated, a time-and-a-half overtime premium for their hours worked over forty (40) in workweeks throughout the relevant time period.

46.    Defendants' weekly "salary" policy or practice was applicable to Plaintiff and the class members. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of overtime wage to Plaintiff applied and continues to apply to all class members.

47.    Accordingly, the class members are properly defined as:

**All weekly salaried lawn maintenance workers that work/worked in excess of 40 hours in one or more workweeks within the last three years for Defendants, but were not compensated at one and one-half times their regular rate of pay for all overtime hours worked.**

48.    Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

7

49.     Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

50.     Defendants did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law; (b) the FLSA, 29 U.S.C. § 201, *et seq.*; (c) Department of Labor Wage & Hour Opinion Letters; or (d) the Code of Federal Regulations.

51.     During the relevant period, Defendants violated the FLSA by retaining employees in an enterprise engaged in commerce or in the production of goods and services for commerce within the meaning of the FLSA, as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

52.     Defendants' failure to properly compensate their employees at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, results from Defendants' policy or practice that applies to all similarly situated employees, companywide.

53.     Defendants acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

54.     Defendants failed to maintain accurate records for Plaintiff and the class members' work hours in accordance with the law.

## COUNT I
## VIOLATION OF 29 U.S.C. 207 OVERTIME COMPENSATION

55.     Plaintiff realleges and reincorporates paragraphs 1 through 54 as if fully set forth

herein.

56. At various times material hereto Plaintiff worked in excess of forty (40) hours per week.

57. Plaintiff was not properly compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours he worked in excess of forty (40) hours each workweek.

58. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

59. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

60. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

61. Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

62. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

63. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

64. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those

similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and one half for their overtime hours.

65. Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff are/were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks, because Defendants failed to properly pay Plaintiff, and those similarly situated to him, proper overtime wages at time and one half their regular rate of pay for such hours.

66. Plaintiff demands a trial by jury.

## COUNT II - DECLARATORY RELIEF

67. Plaintiff realleges and reincorporates paragraphs 1 through 54 as if fully set forth herein.

68. Plaintiff and Defendants have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

69. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

70. Plaintiff may obtain declaratory relief.

71. Defendants employed Plaintiff.

72. Defendants are an enterprise.

73. Plaintiff was individually covered by the FLSA.

74. Plaintiff is entitled to overtime compensation pursuant to 29 U.S.C. §207(a)(1).

75. Defendants did not keep accurate time records pursuant to 29 U.S.C. §211(c) and 29 C.F.R. Part 516.

76. Defendants did not rely on a good faith defense in its failure to abide by the provisions of the FLSA.

77. Plaintiff is entitled to an equal amount of liquidated damages.

78. It is in the public interest to have these declarations of rights recorded.

79. Plaintiffs' declaratory judgment action serves the useful purpose of clarifying and settling the legal relations at issue.

80. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

81. Plaintiff demands a trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, DAVID BROWN, on behalf of himself and those similarly situated, demands judgment against Defendants:

a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in willful violation of the overtime wage provisions of the FLSA;

b. Ordering Certification of this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein, designating Plaintiff as a representative of the FLSA collective action class, and undersigned counsel as class counsel for the same;

c. Ordering Defendants to disclose the names and addresses of all collective action class members, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their right by law to join and participate in this lawsuit;

d. Granting judgment in favor of Plaintiff and against Defendants and awarding Plaintiff and collective action class the full amount of damages and liquidated damages available by law;

e. Awarding Plaintiff and the collective action members overtime compensation in the amount due to them for their time worked in excess of forty (40) hours per workweek;

f. Awarding Plaintiff and the collective action members liquidated damages in an amount equal to the overtime award;

g. Awarding Plaintiffs reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

h. Awarding Plaintiff pre-judgment interest;

i. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 19th day of February, 2020.

                                              Respectfully submitted by:
                                              **MORGAN & MORGAN, P.A**.

                                              **By:** */s/ Paul M. Botros, Esq*.
                                              Paul M. Botros, Esq.
                                              FBN 063365
                                              8151 Peters Road, Suite 4000
                                              Plantation, FL 33324
                                              Telephone:   (954) 318-0268
                                              Facsimile:   (954) 327-3017

                                              Email:  pbotros@forthepeople.com